**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Ansaf Alexander,

Civil No. 00-2035 ADM/AJB

Plaintiff,

v.

**ORDER ON MOTION TO COMPEL DISCOVERY**

The Northland Inn,

Defendant.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendant's motion to compel plaintiff to supplement her answers to interrogatories, to properly respond to requests for production of documents, and to provide authorizations permitting defendant to obtain employment records. Defendant further requests reasonable expenses and attorney fees. [Docket No. 8]. Hearing was held on June 20, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Bradley J. Lindeman, Esq., appeared on behalf of the defendant. Mark A. Greenman, Esq., appeared on behalf of the plaintiff.

Based upon the file and documents contained therein, along with memorandums and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to compel discovery is **granted in part and denied in part** [Docket No. 8].

2. Defendant's request for supplemental answers to Interrogatory Nos. 3, 4, 6, 10, 11, and 12 is granted. Plaintiff may not rely upon mere reference to documents as her response to the interrogatories and shall supplement her responses to directly answer the interrogatories.



FILED JUN 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

In addition, plaintiff shall name the insured, the source of the insurance, and insurance payment amounts in response to Interrogatory No. 8 and further shall further identify particular individuals and statements in response to Interrogatory No. 13. Complete supplemental responses shall be provided on or before July 10, 2001.

3. Defendant's motion to compel discovery with respect to production of documents is granted as follows:

a. Defendant's request for documents relating to current employment, wage claims, medical damages and other claims, pursuant to request Nos. 10, 11, 12, and 16 is granted. To the extent such documents are in possession of plaintiff's counsel and have been made available for defendant's review, the Court finds that the burden of reproduction is not onerous or overburdensome, and plaintiff shall provide copies of the responsive materials. The documents shall be produced on or before July 10, 2001.

b. Plaintiff shall identify and index each of the items contained in the "miscellaneous" document production on May 29, 2001. Plaintiff has previously made the materials available to defendant and has asserted no objections to disclosure, except to indicate non-relevance. The index shall either identify the production request to which each item may be responsive or shall assert non-relevance of the specified material. Items which are found relevant shall be reproduced and disclosed in a form that is responsive to the applicable document request.

c. Plaintiff shall particularly identify documents responsive to request Nos. 1, 2, 3, 5, 7, 8, 9, 11, 13, 14, 16, and 17. Plaintiff may not rely upon mere reference to her production of documents in the context of Rule 26 disclosures or mere reference to

the miscellaneous disclosures of March 29, 2001.

d. Plaintiff shall produce compensation and tax documents in her possession which are responsive to Document Request No. 19.

4. Defendant's request that plaintiff be compelled to execute authorizations for employment records from her current employer is conditionally denied. In lieu of such authorizations plaintiff shall produce all documents responsive to document request Nos. 10 and 11, relating to her current employment, including all documents indicating commencement and duration of employment, initial wage statements and complete wage history, and job duties with limitations based upon disability. In the event plaintiff is unable to locate and produce complete wage records and other requested employment documents, authorizations for disclosure from her current employer shall be executed on or before June 29, 2001.

5. Defendant's request for defendant's costs, expenses and reasonable attorney fees incurred in bringing the present motion to compel is denied.

Dated: 6/26/01

Arthur J. Boylan
United States Magistrate Judge