**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

ANSAF ALEXANDER,

Plaintiff,

Civil No. 00-2035 ADM/AJB

v.

**ORDER**

THE NORTHLAND INN,

Defendant.

---

The above matter came before the Court on the parties' motions to compel. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Defendant's motion is **granted as stated herein** [Docket No. 15];
2. Hennepin County, Minnesota shall produce, in their entirety, copies of those documents submitted for *in camera* review;
3. Plaintiff's motion is **granted in part, denied in part and dismissed in part** [Docket No. 12];
4. To the extent that it relates to Interrogatories Numbered 5, 14, 15 & 22, Plaintiff's motion presents no controversy and is therefore dismissed without prejudice;
5. On or before July 20, 2001, Defendant shall provide full and complete answers to Interrogatories numbered 12 & 13;
6. Within tens days following the completion of Plaintiff's deposition, Defendant shall provide full answers to Interrogatories numbered 8 & 9;
7. Plaintiff's request for attorney's fees is denied.

Dated: 7/10/01

Arthur J. Boylan
United States Magistrate Judge

FILED JUL 10 2001
RICHARD D. SLETTEN, CLERK

JUDGEMENT ENTERED ______

DEPUTY CLERK'S INITIALS ______

**MEMORANDUM**

Defendant served a subpoena duces tecum upon Hennepin County, Minnesota, seeking Plaintiff's employment records. This material has been withheld because, according to Hennepin County, much of it is classified as nonpublic data under Minnesota's Government Data Practices Act. Defendant's motion seeks an order compelling Hennepin County to produce the subpoenaed material. In response, Hennepin County has submitted the requested material to the Court for an *in camera* review. The Court has reviewed the submitted material and, pursuant to MINN. STAT. § 13.03, subdiv. 6, concludes that (1) the at-issue material is discoverable and (2) the benefits to Defendant in receiving the material outweighs any harm to all other interests.

Plaintiff's motion seeks an order compelling Defendant to answer Interrogatories numbered 5, 8, 9, 12, 13, 14, 15 & 22. At oral argument, it was represented to the Court that the parties had resolved all dispute with respect to Interrogatories numbered 5, 14, 15 & 22. To that extent, the motion presents no controversy and is therefore moot.

Interrogatories numbered 12 & 13 seek the factual basis for Defendant's assertion that Plaintiff failed to perform the essential functions of her job. Interrogatories numbered 8 & 9 seek the factual basis for Defendant's asserted affirmative defenses. Defendant objects to these interrogatories, arguing that they seek legal conclusions and use terms of art. FED. R. CIV. P. 33 specifically states that an interrogatory is not necessarily objectionable merely because an answer involves the application of law to fact. Defendant also asks that it be allowed to respond after the conclusion of Plaintiff's deposition. With respect to Interrogatories numbered 8 & 9, this request has some merit. Those interrogatories should be answered as stated above. With respect to Interrogatories numbered 12 & 13, Defendant's request is denied. Those interrogatories seek facts that are well within Defendant's knowledge.

AJB